IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01793-PAB

USAV Group LLC,

    Plaintiff,

v.

STAMPEDE PRESENTATION PRODUCTS INC.,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on plaintiff's amended complaint [Docket No. 19]. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 19 at 3, ¶ 15.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff invokes 28 U.S.C. § 1332(a) as the basis for this Court's diversity jurisdiction. Docket No. 19 at 3, ¶ 15. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the parties' citizenship.

The amended complaint identifies plaintiff USAV Group LLC as a "two-member limited liability company, the two members are Chris Whitley and K.C. Schwarz." Docket No. 19 at 1, ¶ 3.[1] Plaintiff alleges that each of its members "resides" in

---

[1] Plaintiff also claims that it is "incorporated," Docket No. 19 at 1, ¶ 2, but this allegation is almost certainly incorrect. *Compare* Colo. Rev. Stat. § 7-90-601(3)(a) ("The entity name of a corporation shall contain the term or abbreviation 'corporation', 'incorporated', 'company', 'limited', 'corp.', 'inc.', 'co.', or 'ltd.'") *with* Colo. Rev. Stat. § 7-90-601(3)(c) ("The entity name of a limited liability company shall contain the term or abbreviation 'limited liability company', 'ltd. liability company', 'limited liability co.', 'ltd.

2

Colorado. *Id*., ¶ 4. However, domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Plaintiff has not identified the citizenship of its members. *Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)).[2] The Court is therefore unable to determine the citizenship of plaintiff and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

Additionally, plaintiff does not show the citizenship of defendant. The amended

---

liability co.', 'limited', 'l.l.c.', 'llc', or 'ltd.'"). The Court will assume that plaintiff is a limited liability company ("LLC"), not a corporation.

[2] This Court has previously noted that, "[w]hile various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S.185, 196 (1990)).

complaint states that, "[o]n information and belief," defendant is a Delaware corporation and "[i]t is believed" the defendant's principal place of business is in New York. Docket No. 19 at 2, ¶ 5. The Court reads plaintiff's averment of defendant's citizenship, made on information and/or belief, to mean that plaintiff does not have affirmative knowledge of defendant's citizenship. Such unsupported allegations do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *Pinkard Constr. Co.*, 2009 WL 2338116, at *3 (allegations made on information and belief "mean that plaintiffs have no affirmative knowledge of a lack of diversity").

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on November 2, 2017**, plaintiff USAV Group LLC shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED October 19, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge